Wherry v. All California Funding et al
Case 4:06-cv-04384-SBA    Document 9    Filed 07/20/2006    Page 1 of 5
Doc. 9

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET WHERRY,<br><br>            Plaintiff,<br><br>   v.<br><br>ALL CALIFORNIA FUNDING, CLINTON STEFAN, DBA STEFAN FINANCIAL, KEN MILLER, and DOES 1-100,<br><br>            Defendants. | No. C 06-4384 SBA<br><br>**ORDER**<br><br>[Docket No. 3] |

This matter comes before the Court on Plaintiff's Application for Temporary Injunctive Relief and Request for Order Shortening Time ("TRO Application") [Docket No. 3]. Having read and considered the papers submitted by Plaintiff Janet Wherry and Defendants All California Funding and Ken Miller, the Court finds this matter appropriate for disposition without a hearing.

Federal Rule of Civil Procedure 65(b) provides the district court with the authority to enter a temporary restraining order. The court may grant such injunctive relief if the plaintiff has established: (1) a likelihood of success on the merits and the possibility of immediate irreparable injury, or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. *Metro Publishing, Ltd. v. San Jose Mercury News*, 987 F.2d 637, 639 (9th Cir. 1993); *see also Southwest Voter Registration Education Project v. Shelley*, 344 F.3d 914 (9th Cir. 2003). The two components of this test sit on a kind of sliding scale or "continuum," *Southwest Voter*, 344 F.3d at 918; thus, "the less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor." *Id*.

In this case, Plaintiff seeks interim and permanent relief restraining and enjoining Defendants All California Funding, Clinton Stefan and Ken Miller from proceeding or continuing with the sale, disposition, transfer and taking any action with respect to the property located at 11650 San Mateo Road, Half Moon Bay, California 94109. Plaintiff alleges that Defendants will foreclose on the property

at issue on July 20, 2006 based on the loan agreement between Plaintiff and Defendant All California Funding. Plaintiff asserts that Defendants violated certain provisions of The Home Ownership and Equity Protection Act of 1994 (HOEPA) and Truth in Lending Act (TILA) by, *inter alia*, failing to provide her with the necessary disclosures in relation to the loan, and including prohibited balloon payment and prepayment penalty provisions in the loan agreement.[1] Plaintiffs seeks damages and rescission.

Defendants All California Funding and Ken Miller (collectively, "ACF Defendants") oppose Plaintiff's TRO Application. ACF Defendants argue that Plaintiff's TRO Application should be denied because the Bankruptcy Court has exclusive jurisdiction over the property at issue. Plaintiff filed a bankruptcy petition in the Northern District of California , Case Number 05-33658, on October 4, 2005. On or about January 13, 2006, All California Funding filed a motion for relief from the automatic stay in that action. On March 20, 2006, Bankruptcy Judge Carlson entered an Order Vacating the Automatic Stay and allowing All California Funding to conduct foreclosure of Plaintiff's property at issue in the instant case on or after April 26, 2006. On February 23, 2006, Plaintiff's husband filed a bankruptcy petition, Case Number 06-50254. On or about April 21, 2006, All California Funding filed a motion for relief from the automatic stay in Plaintiff's husband's action. On June 30, 2006, Bankruptcy Judge Carlson entered an Order Vacating the Automatic Stay and allowing All California Funding to conduct foreclosure of the property at issue in the instant action on or after July 20, 2006. On July 14, 2006, Plaintiff filed an adversary proceeding in her husband's bankruptcy case against All California Funding, Clinton Stefan and Ken Miller. At the same time, Plaintiff applied for a TRO. Plaintiff's pleadings and relief requested in the adversary proceeding in the Bankruptcy Court are identical to the ones in the instant action. The Bankruptcy Court has not ruled on Plaintiff's TRO yet.[2]

Because the property at issue is in the bankruptcy estate, the Bankruptcy Court has exclusive

---

[1] While Plaintiff brings other state law claims, Plaintiff neither argues that she will likely succeed on the merits on the state law claims, nor even mentions them in her TRO Application.

[2] The Court takes judicial notice of the orders and pleadings in the Bankruptcy Court referenced herein. *See U.S. v. Southern California Edison Co.*, 300 F.Supp.2d 964, 974 (E.D. Cal. 2004); *Kent v. DaimlerChrysler Corp.*, 200 F.Supp.2d 1208 (N.D. Cal. 2002) (taking judicial notice of two state court decisions and a legal memorandum filed in a state court action on the grounds that they are public documents).

jurisdiction over it. Accordingly, this Court cannot hear the claims asserted in Plaintiff's TRO Application and Complaint. The Court therefore DENIES Plaintiff's TRO Application without prejudice and DISMISSES the above-captioned action.[3]

Even if the Court were to find that the Bankruptcy Court does not have exclusive jurisdiction over the property at issue, the Court would nevertheless deny the TRO Application because Plaintiff has failed to demonstrate a likelihood of success on the merits on any of her claims. Plaintiff's Application is wholly deficient in this respect. First, Plaintiff has failed to set forth the elements that apply to each cause of action she is asserting. Second, she has not provided any legal authority in support of her claims. Plaintiff has not cited a single case in her TRO Application. Instead, Plaintiff only cited certain provisions of the HOEPA and TILA in her Complaint. However, before Plaintiff can rely on these provisions, she must demonstrate that the HOEPA and TILA apply to the loan Plaintiff obtained from Defendants. She has not done so. Plaintiff simply alleges that "this is a clear case of violation of the provisions of HOEPA and TILA by the defendants" and that the Note Secured by a Deed of Trust that Defendants coerced her into signing "speaks for itself." However, Plaintiff has failed to attach the Note or any other relevant documents. Without seeing the documents, the Court cannot evaluate whether the HOEPA and TILA apply to Plaintiff's transaction, whether or not the note Plaintiff signed includes the prohibited balloon payment and prepayment penalty provisions as Plaintiff alleges, and whether or not it provides adequate disclosures. The ACF Defendants, on the other hand, submitted declarations rebutting Plaintiff's naked allegations and showing that the HOEPA does not apply to Plaintiff's case because the HOEPA applies only to transactions secured by the consumer's principal dwelling and the property at issue is not Plaintiff's primary residence. *See* Declaration of William Schumer, ¶ 9 ("At all times during the loan application process, Plaintiff and her husband John Wherry represented to [All California Funding] that they did not intend to occupy the property as their principal residence."). *See*

---

[3] It also appears that dismissal is proper under the first-to-file rule. The first-to-file rule allows a district court to "transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]" *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d, 622, 623 (9th Cir. 1991). A bankruptcy court is a unit of a district court. *See* 28 U.S.C. § 151. The rule may be invoked when a complaint involving the same parties and issues has already been filed in another court. *Alltrade*, 946 F.2d at 625. Here, Plaintiff's adversary proceeding and TRO Application were filed in the Bankruptcy Court four days prior to the instant action and involve the same parties and issues as the instant action.

3

*also* 15 U.S.C. § 1602 (aa) (stating that HOEPA applies to "a consumer credit transaction that is secured by the consumer's principal dwelling"). Furthermore, ACF Defendants attached a part of the Financial Statement that Plaintiff submitted with her loan application to All California Funding, in which Plaintiff and her husband represented that their primary residence was 851 Railroad Avenue, Half Moon Bay, California.

Moreover, even if the Court were to conclude that the HOEPA and TILA apply to the loan Plaintiff obtained from Defendants, from the face of Plaintiff's complaint, it appears that Plaintiff's action for damages for violations of the HOEPA and TILA is barred by the statute of limitations. An action for damages under HOEPA or TILA must be brought within one year of the violation. *See* 15 U.S.C. § 1640(e); 12 C.F.R. § 226.23; *In re Community Bank of Northern Virginia*, 418 F.3d 277, 305 (3d Cir. 2005); *McMaster v. CIT Group/Consumer Finance, Inc.*, 2006 WL 1314379, at *4 (E.D. Pa. May 11, 2006). "A violation occurs when a 'consumer becomes contractually obligated on a credit transaction.'" *McMaster*, 2006 WL 1314379, at *4. Plaintiff alleges that she signed the loan documents with All California Funding on March 22, 2005. Plaintiff filed this action on July 18, 2006. Accordingly, Plaintiff's action for damages for violations of HOEPA and TILA appears to be barred by the statute of limitations.

For the foregoing reasons, Plaintiff has failed to make a clear showing of the likelihood of success on the merits. *See In re Cobb*, 122 B.R. at 26 (dismissing claimant's TILA claim because he has provided no evidence that there has been a TILA violation). *See also Johnson v. Holway*, 329 F.Supp.2d 12, 15 (D.D.C. 2004) (a TRO "is an extraordinary form of relief that should not be granted absent a clear and convincing showing by the moving party."); *Sierra Club v. Hickel*, 433 F.2d 24, 33 (9th Cir. 1970) ("'The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged except in a case clearly warranting it.'"); *Clairol Inc. v. Gillette Co.*, 389 F.2d 264, 265 (2d Cir. 1968) ("The award of a preliminary injunction is an extraordinary remedy, and will not be granted except upon a clear showing of probable success and possible irreparable injury.").[4]

---

[4] Plaintiff's TRO Application is also deficient because she has not served all Defendants. Plaintiff provided a proof of service showing that she served only Defendants All California Funding and Ken Miller. Plaintiff has not explained her failure to serve Defendant Clinton Stefan, nor styled her

4

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Application for Temporary Injunctive Relief and Request for Order Shortening Time [Docket No. 3] is DENIED.

IT IS FURTHER ORDERED THAT the above-captioned action is DISMISSED. The Clerk is instructed to close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 7/20/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

application as an *ex-parte* application. Under Federal Rule of Civil Procedure 65(b), a TRO "may be granted without written or oral notice to the adverse party . . . only if (1) it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Every [TRO] granted without notice shall . . . define the injury and state why it is irreparable and why the order was granted without notice." Fed. R. Civ. P. 65(b). In *Granny Goose Foods, Inc. v. Teamster*, 415 U.S. 423 (1974), the Supreme Court explained that an *ex parte* TRO can be issued only in extremely limited circumstances: "[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Id*. at 438-439. Thus, courts have recognized very few circumstances justifying the issuance of an *ex parte* TRO. *See Reno Air Racing, Ass'n., Inc. v. McCord*, __F.3d __, 2006 WL 1867632, at * 4-5 (9th Cir. July 7, 2006). Here, Plaintiff's attorney neither certified in writing the efforts, if any, which have been made to give notice to Defendant Clinton Stefan nor explained why the notice should not be required. Accordingly, if the Court did not deny Plaintiff's TRO Application for the reasons previously discussed, it would have denied the Application against Defendant Clinton Stefan on the ground of Plaintiff's failure to serve him. *See Reno Air Racing*, at *5 (TRO was not properly granted *ex parte* without notice where the only evidence of why notice should not be required was a single conclusory statement by counsel in a declaration).